IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:08-CR-00100-F-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| CALVIN LAVAN CLARK, | ) | |
| Defendant. | ) | |

This matter is before the court on Calvin Lavan Clark's Second Motion to Reconsider [DE-61] this court's June 8, 2012 Order, which denied his motion for a reduction of his sentence under 18 U.S.C. § 3582(c). The Government has filed a Response [DE-62] in opposition. This matter is now ripe for disposition.

**Factual Background**

A review of the record reveals that Clark was charged in a three-count indictment. *See* Indictment [DE-1]. In Count One, he was charged with being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1), 924; in Count Two, he was charged with possessing with intent to distribute more than 50 grams of crack cocaine and a quantity of cocaine, in violation of 21 U.S.C. § 841(a)(1); and in Count Three, he was charged with knowingly possessing a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c). *Id.*

Pursuant to a written plea agreement [DE-13], Clark entered a plea of guilty to Counts Two and Three. [DE-12]. Clark was sentenced on September 17, 2008, to a term of 294 months' imprisonment on Count Two and a consecutive 60 months' imprisonment for Count Three. *See* Judgment [DE-16]. Clark filed a notice of appeal [DE-17], which was dismissed on January 9, 2009 [DE-24].

Clark filed his first motion to vacate pursuant to 28 U.S.C. § 2255 [DE-26] on June 16, 2009. The motion was dismissed. [DE-27.]

On September 21, 2010, Clark filed a second motion to vacate pursuant to 28 U.S.C. § 2255 [DE-30]. The motion was dismissed so Clark could seek authorization from the Fourth Circuit Court of Appeals to file a second or successive § 2255 motion. [DE-33.]

Clark's third motion to vacate pursuant to § 2255 was filed on October 12, 2011. [DE-36.] In an order entered on June 20, 2012, the undersigned held that, "Rather than deny the instant motion outright as successive, however, the court is reserving ruling until the Fourth Circuit announces a decision in *Powell* on the chance that the decision *possibly* could benefit Clark." [DE-52.] In the court's February 19, 2013 Order, the undersigned noted that the Fourth Circuit ruled on *United States v. Powell*, 691 F.3d 554 (4th Cir. 2012), on August 20, 2012, and held that *Carachuri-Rosendo v. Holder*, — U.S. —, 130 S.Ct. 2577 (2010), articulated a procedural rule, as opposed to a substantive rule, and therefore the case is not retroactively applicable to cases on collateral review. [DE-54.] The undersigned found that Clark was not entitled to relief under *Powell* and allowed the Government's motion to dismiss without prejudice to Clark to seek pre-filing authorization from the Fourth Circuit Court of Appeals, on the basis that his third § 2255 motion was successive. *Id.*

Clark appealed to the Fourth Circuit Court of Appeals. [DE-56.] On April 30, 2013, the Fourth Circuit denied a certificate of appealability and dismissed Clark's appeal. [DE-59.]

On April 20, 2012, Clark filed a motion for reduction of his sentence under 18 U.S.C. § 3582(c). [DE-46.] The motion was denied on June 8, 2012. [DE-49.] On June 18, 2012, Clark filed a Motion for Reconsideration of the June 8, 2012 Order. [DE-51.] The motion was denied.

2

[DE-52.]

## Discussion

In Clark's Second Motion to Reconsider, he renews his request for this court to reconsider its June 8, 2012 Order denying his motion for a reduction of his sentence under 13 U.S.C. § 3582(c), in light of the following: *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011); the Fair Sentencing Act of 2010 ("FSA"); and the Sixth Circuit's decision in *United States v. Blewett*, —F.3d —, 2013 WL 2121945 (6th Cir. May 17, 2013)[1]. [DE-61.] Specifically, Clark argues that following *Simmons* he can no longer be classified as a career offender, and without career offender status, he is eligible for the retroactive crack guideline amendments which were promulgated following the FSA. *Id.* Further, Clark argues that in light of *Blewett*, he should no longer be subject to a 120-month mandatory minimum sentence. *Id.*

The undersigned concludes that Clark is attempting to avoid the limitations imposed on § 2255 motions by seeking relief under 18 U.S.C. § 3582(c)(2). However, as this court previously noted, Clark may not circumvent the limitations imposed on § 2255 motions by seeking *Simmons* relief in a motion filed pursuant to 18 U.S.C. § 3582(c)(2). Accordingly, Clark's Second Motion to Reconsider [DE-61] is DENIED.

SO ORDERED.

This the 24th day of June, 2013.

*James C. Fox*
James C. Fox
Senior United States District Judge

---

[1] In *Blewett*, the Sixth Circuit held that the application of the pre-FSA racially discriminatory mandatory minimum crack sentences for defendants sentenced prior to the enactment of the FSA violates equal protection. In his Second Motion to Reconsider, Clark argues that this court should follow *Blewett* and modify his sentence. [DE-61.]

3